UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH ANTHONY REYNA,

                Plaintiff,

            -against-

WALMART, INC.,

                Defendant.

25-CV-10520 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Austin, Texas, brings this *pro se* action against Walmart, Inc. Plaintiff worked at Walmart Store #1129 in Austin, Travis County, Texas, from December 24, 2024 until the termination of his employment on May 26, 2025. He brings federal claims for alleged violations of his rights under the Americans with Disabilities Act ("ADA") and the Employee Retirement Income Security Act of 1974 ("ERISA"), as well as state law claims under the Court's supplemental jurisdiction. For the following reasons, the Court transfers this action to the United States District Court for the Western District of Texas, Austin Division.

## DISCUSSION

The ERISA statute includes its own venue provision, which provides that an action

> may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).

The ADA incorporates the venue provision from Title VII of the Civil Rights Act. *See* 42 U.S.C. § 12117(a). Under this provision, venues lies

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the

> alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision).

Plaintiff alleges that he resides in Austin, Texas, and worked at Walmart Store #1129 in Austin until termination of his employment on May 26, 2025. Plaintiff claims that Walmart discriminated against him on the basis of disability and failed to provide reasonable accommodations. After termination of his employment, Plaintiff received a Mandatory Distribution Notice dated July 1, 2025, regarding his 401(k). He alleges that since his termination, he has had impaired access to plan documents and elections. Plaintiff alleges that Defendant Walmart, Inc. has its headquarters in Arkansas.

The allegations of the complaint suggest that any alleged breach of ERISA took place in Travis County, Texas, where Plaintiff resides. Plaintiff has not named a plan administrator and nothing in the complaint suggests that this district is one where Walmart, Inc.'s ERISA plan is administered. Turning to Plaintiff's ADA claims, New York is not the State where the unlawful employment practices allegedly occurred. Venue of Plaintiff's claims thus does not appear to be proper in this district.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). Plaintiff's claims arose in Travis County, Texas, which is in the Western District of Texas. *See* 28 U.S.C. § 112(d)(1). Accordingly, in the interest of justice, the Court transfers this matter to the United States District Court for the Western District of Texas. 28 U.S.C. §§ 1404(a), 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Texas. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    December 19, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3