UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH ANTHONY REYNA,

Plaintiff,

-against-

WALMART, INC.,

Defendant.

25-CV-10520 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated December 19, 2025, the Court transferred this action to the United States District Court for the Western District of Texas. (ECF 5.) Nearly a month later, on January 8, 2026, Plaintiff filed a "motion for alternate service" seeking relief in this Court. (ECF 10.) For the reasons set forth below, the Court denies the motion.

**DISCUSSION**

The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case).

The transferor court retains jurisdiction only in limited situations, such as where the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court," *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995), or where "the question . . . is whether the district court had power to order the transfer," *Farrell v. Wyatt*, 408 F.2d 662, 664-65 (2d Cir. 1969).[1] *See also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if

[1] Moreover, "[e]ven where the issue is lack of power, those attacking a transfer order should move swiftly for interim relief." *In re Robinson*, 198 F. App'x 71, 72 (2d Cir. 2006).

"a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect" ).

Here, the transferee court acknowledged receipt of this transferred action on December 30, 2025, and Plaintiff's motion (ECF 10) was filed thereafter on January 8, 2026. This Court therefore was already divested of jurisdiction when Plaintiff's motion was filed, and the motion does not show any reason why this Court retains jurisdiction. Any further relief in this action must be sought in the transferee court.

**CONCLUSION**

The Court lacks jurisdiction of Plaintiff's motion (ECF 10) and therefore denies the motion and directs the Clerk of Court to terminate the motion on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 10, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge